

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :    CRIMINAL ACTION
    :
v.    :
    :
SCOTT HORNICK    :    NO. 08-412-3

**FILED**

OCT 0 6 2009

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

<u>MEMORANDUM</u>

Bartle, C.J.    October **6**, 2009

Now pending before the court is the motion of the
defendant, Scott Hornick, to dismiss the superseding indictment
charging him with one count of conspiracy to commit interstate
transportation of stolen property in violation of 18 U.S.C.
§ 371, six counts of interstate transportation of stolen property
in violation of 18 U.S.C. § 2314, one count of conspiracy to
burglarize pharmacies in violation of 18 U.S.C. § 2118(d) and two
counts of pharmacy burglaries in violation of 18 U.S.C.
§ 2118(b), as well as aiding and abetting in violation of 18
U.S.C. § 2.

According to the superseding indictment, the defendant,
along with Sasha Janice Ingardi, Jerry Todisco, Anthony Todisco,
and others, financially supported themselves by burglarizing
commercial businesses up and down the east coast over a span of
six years. The defendant's sophisticated method of operation
involved traveling with others to and from the victim businesses
in stolen or rented sport utility vehicles and minivans and
burglarizing the businesses in the late evening or early morning

hours.   The defendant and his accomplices were typically in and
out of the victim businesses, which included Best Buy, Tweeter,
Ritz Camera and CompUSA, in 60 seconds.   The stolen property was
resold on the black market by Vallin Malcom, a fence and co-
conspirator.   The Government asserts that more than 150
businesses were victimized by the defendant and his co-
conspirators between August 6, 2001 and July 27, 2007.

When deciding this motion to dismiss the superseding
indictment, we must accept as true the factual allegations set
forth in the pleading.   U.S. v. Besmajian, 90 F.2d 1153, 1154 (3d
Cir. 1990).   Our Court of Appeals has held that an indictment is
sufficient if it "(1) contains the elements of the offense
intended to be charged, (2) sufficiently apprises the defendant
of what he must be prepared to meet, and (3) allows the defendant
to show with accuracy to what extent he may plead a former
acquittal or conviction in the event of a subsequent
prosecution."   U.S. v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007).

The defendant contends that Count One of the
superseding indictment charging him with conspiracy to commit
interstate transportation of stolen property is duplicitous
because it charges "two separate conspiracies with two different
objects permitting the jury to convict even if split as to which
conspiracy and object had been proven."   Defendant theorizes that
one conspiracy was entered into and existed between Hornick, R.M.
and R.M.M. and another separate conspiracy existed between

-2-

Hornick and Sasha Janice Ingardi, Jerry Todisco, and Anthony Todisco.

A count is duplicitous if it charges two or more distinct and separate offenses. <u>United States v. Starks</u>, 515 F.2d 112, 116 (3d Cir. 1975). Count One of the superseding indictment charges a mass conspiracy unlawfully to transport stolen goods and merchandise with a value of $5,000 or more in interstate commerce. It does not run afoul of the duplicity rule simply because it charges the defendant with conspiring to transport stolen goods and merchandise on many different occasions or because numerous co-conspirators are involved.

In <u>United States v. Kelly</u>, 892 F.2d 255, 259 (3d Cir. 1989), our Court of Appeals articulated a three-step inquiry to determine whether a "series of events constitutes a single conspiracy or separate and unrelated conspiracies." First, we determine "whether there was a common goal among the conspirators." <u>Id.</u> Here, the superseding indictment alleges a common goal among Hornick, R.M., R.M.M., Ingardi, the Todisco brothers, and others to burglarize commercial businesses, particularly those selling digital cameras and perfume, along the east coast and to sell the stolen items through a fence, Vallin Malcom.

Second, we must "look at the nature of the scheme to determine whether 'the agreement contemplated bringing to pass a continuous result that will not continue without the continuous cooperation of the conspirators." <u>Id.</u> The agreement between

Hornick and the others to transport in interstate commerce stolen
goods and merchandise required a steady stream of such stolen
goods.  The success of the burglary ring required the continuous
cooperation of Hornick's co-conspirators in that a successful
burglary, which involved forcibly entering the premises and
placing the stolen goods in bags in approximately 60 seconds,
required the participation of more than just Hornick.
Furthermore, the Court of Appeals has held that a "single
conspiracy is not transformed into a series of unrelated,
multiple conspiracies merely through a change in its membership."
Id.  According to the superseding indictment, R.M. and R.M.M.
only participated with Hornick until the two were arrested in
late October 2002.  Sasha Ingardi, Jerry Todisco, and Anthony
Todisco joined Hornick and others, including Vallin Malcom, and
continued burglarizing businesses through 2007.  There is nothing
in the superseding indictment to indicate that this change in
membership divides into two separate conspiracies the mass
burglary conspiracy headed by Hornick.  Id.

        Finally, we must examine the "extent to which the
participants overlap in the various dealings."  Id.  The
Government "'need not prove that each defendant knew all the
details, goals, or other participants' in order to find a single
conspiracy."  Id. (citing United States v. Theodoropoulos, 866
F.2d 587 (3d Cir. 1989)).  The overlap of the time and activities
of Hornick and Malcom with the various other co-conspirators
supports a finding that all were involved in the same complex

-4-

burglary ring led by Hornick.  Id. at 260.  We find that Count
One alleges a single conspiracy with one object and, therefore,
it does not violate the rule against duplicitous counts.[1]

     The defendant further contends that a potential
variance exists between the indictment, which charges one
conspiracy, and the proof, which the defendant suggests might
show multiple conspiracies.  This argument is premature.  We
cannot predict what the Government will prove at trial, and a
determination of whether a variance exists requires an
examination of such proof.  United States v. Malik, No. 08-0614,
2009 WL 1922257 (E.D. Pa. July 2, 2009).

     Next, the defendant contends that Counts Two through
Seven of the superseding indictment improperly plead in the
conjunctive.  These counts charge the defendant with the unlawful
transportation in interstate commerce of goods and merchandise
known to have been *stolen, converted,* **and** *taken by fraud.*
Pursuant to 18 U.S.C. § 2314, a person is guilty of interstate
transportation of stolen property when he transports the goods or
merchandise, knowing they were *stolen, converted **or** taken by
fraud.*  The  defendant incorrectly posits that the indictment's
use of the conjunctive, instead of the disjunctive, misleads the
jury as to what constitutes a violation of the statute.  An

---

1.  The defendant also argues, with respect to Count One, that
the "Overt Acts" section only identifies 27 of the 150 businesses
that he allegedly burglarized.  The Government is correct that it
need only prove a single act in furtherance of the conspiracy.
United States v. Knapp, 781 F.2d 1008, 1012 (3d Cir. 1986).
Thus, the defendant's insufficiency argument fails.

indictment that pleads in the conjunctive does not preclude a conviction if only one form of prohibited conduct is proven. <u>Valansi v. Ashcroft</u>, 278 F.3d 203, 216 n.10 (3d Cir. 2002). Furthermore, it is "settled law that where a statute denounces an offense disjunctively, the offense may be charged conjunctively in the indictment." <u>United States v. Niederberger</u>, 580 F.2d 63, 67 (3d Cir. 1978).

With respect to Count Eight (incorrectly referred to as Count Ten in the defendant's motion), the defendant asserts that the Government fails to identify an overt act that the defendant committed in furtherance of the alleged conspiracy.  The Government has agreed not to contest this aspect of the pending motion and will seek a second superseding indictment to identify at least one overt act.

Finally, the defendant contends that Count Nine improperly alleges that he entered and aided and abetted the entry of the business premises of a person registered with the Drug Enforcement Agency on January 5, 2004 to on or about July 27, 2007.  Defendant complains that the time frame is not specific enough to allow him properly to prepare his defense.  We agree.  We will require the Government to advise the defendant forthwith of the approximate date or dates in question to the extent it has not already done so.

For the foregoing reasons, we will grant the motion of the defendant, Scott Hornick, to dismiss Count Eight of the superseding indictment and will require the Government, if it has

-6-

not done so, to advise the defendant forthwith of the approximate date or dates he allegedly violated 18 U.S.C. §§ 2118(b) and 2 as alleged in Count Nine of the superseding indictment.  We will deny the motion in all other respects.